**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DOCKETED
MAY 21 2003

| | |
|---|---|
| MARK TIEMAN,<br><br>        Plaintiff,<br><br>v.<br><br>BRIDGESTONE/FIRESTONE, INC., a Corporation, BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company, BRIDGESTONE FIRESTONE MANUFACTURING OPERATIONS DIVISION, a Division of BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company, BRIDGESTONE CORPORATION, a Corporation, BRIDGESTONE AMERICAS HOLDING, INC., a Corporation, and BFS DIVERSIFIED PRODUCTS, LLC, a Limited Liability Company,<br><br>        Defendants. | JUDGE ZAGEL<br><br>MAGISTRATE JUDGE LEVIN<br><br>Case No.:<br><br>03C 3364<br><br>Removed from the Circuit Court of Cook County, Illinois, County Department, Law Division |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants, Bridgestone Firestone North American Tire, LLC (successor to Bridgestone/Firestone, Inc.), BFS Diversified Products, LLC and Bridgestone Americas Holding, Inc. (collectively referred to as "Firestone"), also improperly named as Bridgestone/Firestone Manufacturing Operations Division, by its attorneys Michael J. Kanute and Julie A. LaBunski of Holland & Knight LLC, seek removal to this Court and in support of their petition state as follows:

        1.    Firestone files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. This Notice of Removal is being filed with this Court within thirty (30) days of Firestone's receipt of a copy of the initial pleading setting forth the claim for relief upon which such proceeding is based, as provided by 28 U.S.C. §1446(b).

2. This action was commenced in the Circuit Court of Cook County, Illinois, Law Division on April 17, 2003. (A copy of Plaintiff's Complaint At Law is attached hereto as Exhibit A).

3. Plaintiff's complaint was served on Firestone on April 29, 2003. (A copy of the summons is attached hereto as Group Exhibit B).

4. At the time the action was commenced and since then, plaintiff was and is a citizen of Illinois.

5. At the time the action was commenced and since then, Defendant Bridgestone/Firestone North American Tire LLC was and is a Delaware limited liability company with its principal place of business in Nashville, Tennessee.

6. At the time the action was commenced and since then, Defendant Bridgestone/Firestone Americas Holding, Inc. was and is a Nevada corporation with its principal place of business in Nashville, Tennessee.

7. At the time the action was commenced and since then, Defendant Bridgestone Corporation was and is a Japanese corporation with its principal place of business in Japan.

8. At the time the action was commenced and since then, Defendant BFS Diversified Products, LLC was and is a Delaware limited liability company with its principal place of business in Carmel, Indiana.

9. At the time the action was commenced and since then, there is no legal entity known as or doing business as Bridgestone/Firestone Manufacturing Operations Division.

10. Upon information and belief, Bridgestone Corporation has not been served with process in this litigation.

2

11. Plaintiff's complaint does not contain an express ad damnum clause indicating an amount exceeding the jurisdictional amount in controversy of $75,000, exclusive of interest and costs.

12. On May 2, 2003, counsel for Firestone spoke to plaintiff's counsel, who confirmed that plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. (See Correspondence dated May 5, 2003, a copy of which is attached hereto as Exhibit C).

13. This action is a civil one of which the United States district courts have original jurisdiction under 28 U.S.C. § 1332.

WHEREFORE, defendants respectfully requests that this cause be removed to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

By: _____
One of its Attorneys

Michael J. Kanute (ARDC #6204525)
Julie A. LaBunski (ARDC #6243315)
Holland & Knight LLC
131 South Dearborn
30th Floor
Chicago, Illinois 60603
Tel:  (312) 263-3600
Fax:  (312) 578-6666
**Attorneys for Defendants
BRIDGESTONE/FIRESTONE
NORTH AMERICAN TIRE, LLC,
(successor to BRIDGESTONE/FIRESTONE,
INC.), BFS DIVERSIFIED PRODUCTS, LLC
and BRIDGESTONE/FIRESTONE
AMERICAS HOLDING, INC.**

3

12543/DJC/rf   Attorney ID# 35244
4-17-03

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARK TIEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| BRIDGESTONE/FIRESTONE, INC., a Corporation, BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company; BRIDGESTONE/FIRESTONE MANUFACUTRING OPERATIONS DIVISION, a Division of BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company, BRIDGESTONE CORPORATION, a Corporation, BRIDGESTONE AMERICAS HOLDING, INC., a Corporation and BFS DIVERSIFIED PRODUCTS, LLC, a Limited Liability Company, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

CALENDAR F
PRODUCT LIABILITY
04654
CALENDAR F
PRODUCT LIABILITY

## COMPLAINT AT LAW

### COUNT I

Now comes the Plaintiff, MARK TIEMAN, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, BRIDGESTONE/FIRESTONE, INC., a Corporation; BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company; BRIDGESTONE/FIRESTONE MANUFACTURING

1

OPERATIONS DIVISION, a Division of BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company; BRIDGESTONE CORPORATION, a Corporation; BRIDGESTONE AMERICAS HOLDING, INC., a Corporation; and BFS DIVERSIFIED PRODUCTS, LLC, a Limited Liability Company, and each of them, alleges as follows:

1. That on and prior to April 21, 2001, the aforementioned Defendants, and each of them, were engaged in the business of designing, preparing, manufacturing, advertising, distributing, supplying and/or selling a certain product and/or its appurtenances, commonly known as a Firestone Wilderness AT tire, size P265/75R16, and that prior to the said date, the Defendants, and each of them, had, in fact, designed, prepared, manufactured, advertised, distributed, supplied and/or sold the aforesaid product and/or its appurtenances.

2. That the aforementioned Defendants, and each of them, participated in the design, preparation, manufacturing, advertising, distribution, supplying and/or sale of the aforesaid product and/or its appurtenances, while said product and/or its appurtenances was in an unreasonably dangerous condition with regard to its acknowledged intended and foreseeable uses, and was so at the time the aforesaid product and/or its appurtenances left the control of the manufacturer, in that:

   (a) The said product was unreasonably dangerous in design due to the high degree of risk that the product would malfunction and explode, thereby causing serious personal injuries to the Plaintiff.

   (b) The said product was unreasonably dangerous due to the manufacturing defects or omissions.

   (c) The said product was unreasonably dangerous in that the Defendant provided inadequate safety devices which filed to prevent said product from malfunctioning and/or exploding.

 (d) The said product was unreasonably dangerous in that the Defendant failed to warn consumers or users of the dangerous condition of said product.

3. That on the aforesaid date, the aforesaid product and/or its appurtenances was in use at 1600 State Street, in the City of Lockport, County of Will, and State of Illinois; at said time, the Plaintiff was in the course of his employment as a mechanic, at the aforesaid location.

4. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product and/or its appurtenances, the said product and/or its appurtenances exploded during the tire mounting and inflation process, thereby causing injuries to the Plaintiff as hereinafter mentioned.

5. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product and/or its appurtenances, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, MARK TIEMAN, demands judgment against the Defendants, BRIDGESTONE/FIRESTONE, INC., a Corporation; BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company; BRIDGESTONE/FIRESTONE MANUFACTURING OPERATIONS DIVISION, a Division of BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability

3

Company; BRIDGESTONE CORPORATION, a Corporation; BRIDGESTONE AMERICAS HOLDING, INC., a Corporation; and BFS DIVERSIFIED PRODUCTS, LLC, a Limited Liability Company, and each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally costs of said suit.

## COUNT II

Now comes the Plaintiff, MARK TIEMAN, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, BRIDGESTONE/FIRESTONE, INC., a Corporation; BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company; BRIDGESTONE/FIRESTONE MANUFACTURING OPERATIONS DIVISION, a Division of BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company; BRIDGESTONE CORPORATION, a Corporation; BRIDGESTONE AMERICAS HOLDING, INC., a Corporation; and BFS DIVERSIFIED PRODUCTS, LLC, a Limited Liability Company, and each of them, alleges as follows:

1. That on and prior to April 21, 2001, the aforementioned Defendants, and each of them, were engaged in the business of servicing, maintaining and/or repairing a certain product and/or its appurtenances, commonly known as a Firestone Wilderness AT tire, size P265/75R16, and that prior to the said date, the Defendants, and each of them, had, in fact, serviced, maintained and/or repaired the aforesaid product and/or its appurtenances.

2. That on and prior to April 21, 2001, the Defendants, and each of them, participated in the servicing, maintenance and/or repair of the aforesaid product and/or its appurtenances.

3. Notwithstanding their duty, at said time and place, the Defendants, and each of them, by and through their agents, servants and employees, were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Failed to make a reasonable inspection of said product when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff.

(b) Negligently and improperly maintained, repaired, installed and modified said product, along with its component parts, when the Defendant had a duty to keep said product in a safe, condition.

(c) Negligently failed to give adequate warnings concerning the dangerous propensities of said product and/or the likelihood of serious injuries occurring in the event of malfunction.

(d) Negligently failed to discover the defective condition of said product and/or its component parts.

4. That on the aforesaid date, the aforesaid product and/or its appurtenances was in use at 1600 State Street, in the City of Lockport, County of Will, and State of Illinois; at said time, the Plaintiff was in the course of his employment as a mechanic, at the aforesaid location.

5. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, the said product and/or its appurtenances exploded during the tire mounting and inflation process, thereby causing injuries to the Plaintiff as hereinafter mentioned.

6. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of the Defendants, and each of them, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the

future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, MARK TIEMAN, demands judgment against the Defendants, BRIDGESTONE/FIRESTONE, INC., a Corporation; BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company; BRIDGESTONE/FIRESTONE MANUFACTURING OPERATIONS DIVISION, a Division of BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company; BRIDGESTONE CORPORATION, a Corporation; BRIDGESTONE AMERICAS HOLDING, INC., a Corporation; and BFS DIVERSIFIED PRODUCTS, LLC, a Limited Liability Company, and each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

_____
Attorneys for Plaintiff

D. Jeffrey Comeau
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street - 21st Floor
Chicago, IL 60601
312/372-3822

6

12543/DJC/rf        Attorney ID# 35244
4-17-03

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARK TIEMAN, | ) | |
|            Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| BRIDGESTONE/FIRESTONE, INC., a | ) | Case No. |
| Corporation, et al, | ) | |
| | ) | |
|            Defendants. | ) | |

### AFFIDAVIT

I, D. Jeffrey Comeau, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1.     That I am an attorney at law licensed to practice in the State of Illinois.

2.     That I am an Partner with the law firm of ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., attorneys of record for the Plaintiff, Mark Tieman.

3.     That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.

4.     That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

FURTHER, Affiant sayeth not.

                                                                                     D. Jeffrey Comeau

SUBSCRIBED AND SWORN TO
before me this ____ day
of _____ 2003.

_____
Notary Public

"OFFICIAL SEAL"
ROSEMARY ANN FLYNN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/3/2005


CT System

**Service of Process Transmittal Form**
Reno, Nevada
04/29/2003
Via Federal Express (2nd Day)

RECEIVED
MAY 1 2003

TO: Amy Breckenridge
Bridgestone/Firestone, Inc.
Law Department
1200 Firestone Parkway
Akron, OH 44317

5-29-03
634607

### RE: PROCESS SERVED IN NEVADA

**FOR** Bridgestone/Firestone, Inc. Domestic State: Oh

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Mark Tieman, Pltf. vs BRIDGESTONE/FIRESTONE, INC., et al, Defs. |
| 2. DOCUMENT(S) SERVED: | Summons and Complaint |
| 3. COURT: | Circuit Court of Cook County, Illinois, County Department, Law Division<br>Case Number Not shown |
| 4. NATURE OF ACTION: | Seeks unspecified amount of damages for personal injuries sustained on or about April 21, 2001, from Firestone Wilderness AT tire, size P265/75R16 |
| 5. ON WHOM PROCESS WAS SERVED: | The Corporation Trust Co. of Nevada, Reno, Nevada |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 04/29/2003 at 10:00 |
| 7. APPEARANCE OR ANSWER DUE: | 30 days |
| 8. ATTORNEY(S): | Anesi Ozmon Rodin Novak & Kohen Ltd.<br>Attorneys for Plaintiff<br>161 Nonrth Clark Street<br>21st Floor<br>Chicago, IL 60601 |
| 9. REMARKS: | According to the records of our office our services have been discontinued in this state. i-Note sent 04/29/2003 to BRECKENRIDGE@BFUSA.COM |

SIGNED CT Corporation System
PER
ADDRESS Supervisor of Process /SP
6100 Neil Road
Suite 500
Reno, NV 89511
SOP WS 0005338067

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

4-29-03
10:00

(Rev. 8/9/96) CCG-0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)
MARK TIEMAN,
                        Plaintiff(s),

BRIDGESTONE/FIRESTONE, INC., a Corporation,
BRIDGESTONE FIRESTONE NORTH AMERICAN
TIRE, LLC, a Limited Liability Company;
BRIDGESTONE/FIRESTONE    v.
MANUFACTURING, a Division of
BRIDGESTONE FIRESTONE NORTH AMERICAN
TIRE, LLC, a Limited Liability Company,
BRIDGESTONE CORPORATION, a Corporation,
BRIDGESTONE AMERICAS HOLDING, INC., a
Corporation and BFS DIVERSIFIED PRODUCTS,
LLC, a Limited Liability Company,    Defendant**SUMMONS**
SECOND ORIGINAL DUPLICATE

No.      <u>SEE REVERSE</u>

03L 004654
CALENDAR F
PRODUCT LIABILITY

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room*    801   , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, .................................... APR 17 2003, 19....

                                                Clerk of Court

| | | |
|---|---|---|
| Name | ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD. | |
| Attorney for | Plaintiff(s) | |
| Address | 161 North Clark Street - 21st Floor | Date of service: ........................,19.... |
| City/Zip | Chicago, IL 60601 | (To be inserted by officer on copy left with |
| Telephone | 312/372-3822 | defendant or other person) |
| Atty. No. | 35244 | |

**Service by Facsimile Transmission will be accepted at: _____
                                                        (Area Code) (Facsimile Telephone Number)
CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Law Division Room 801
  Chancery Division Room 802
  County Division Room 1202
  Probate Division Room 1202

# HOLLAND & KNIGHT LLC

131 South Dearborn
30th Floor
Chicago, Illinois 60603

312-263-3600
FAX 312-578-6666
www.hklaw.com

May 5, 2003

MICHAEL J. KANUTE
312/578-6572

Internet Address:
michael.kanute@hklaw.com

D. Jeffrey Comeau
Anesi, Ozmon, Rodin,
 Novak & Kohen, Ltd.
161 North Clark Street
21st Floor
Chicago, IL  60601

Re:  Tieman v. Bridgestone/Firestone

Dear Mr. Comeau:

This confirms our telephone conversation last Friday regarding this case. Please advise me as to the location of the subject tire and rim. I would like to make arrangements for an inspection.

Also, this confirms that you agreed that the amount in controversy in this case exceeds $75,000 exclusive of costs and fees.

Please call me if you have any questions.

Sincerely,

HOLLAND & KNIGHT LLC

By: *[signature]*
Michael J. Kanute

MJK/jas
CHI1 #214730 v1

HOLLAND & KNIGHT LLP / Office Locations

Annapolis • Atlanta • Bethesda • Boston • Bradenton • Fort Lauderdale • Jacksonville • Lakeland • Los Angeles • Miami • New York • Northern Virginia
Orlando • Portland • Providence • St. Petersburg • San Antonio • San Francisco • Seattle • Tallahassee • Tampa • Washington, D.C. • West Palm Beach
International Offices: Caracas* • Helsinki • Mexico City • Rio de Janeiro • São Paulo • Tel Aviv* • Tokyo  *Representative Office

## CERTIFICATE OF SERVICE

Julie A. LaBunski, an attorney for Defendants, hereby certifies that she caused a copy of the attached **DEFENDANTS' NOTICE OF REMOVAL** to be served on:

D. Jeffrey Comeau
Anesi, Ozmon, Rodin, Novak
& Kohen, Ltd.
161 N. Clark Street
21st Floor
Chicago, Illinois 60601

by U.S. Mail, postage pre-paid, from 131 South Dearborn, Chicago, Illinois, 60603, before the last pick-up at this address on this 20th day of May, 2003.

Julie A. LaBunski

CHI1 #215098 v1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

JUDGE ZAGEL
MAGISTRATE JUDGE LEVIN

DOCKETED
MAY 2 1 2003

Civil Cover Sheet

03C 3364

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

| | |
|---|---|
| Plaintiff(s): MARK TIEMAN | Defendant(s): BRIDGESTONE/FIRESTONE, INC., a Corporation, BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company, BRIDGESTONE) FIRESTONE MANUFACTURING OPERATIONS DIVISION, a Division of BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company, BRIDGESTONE CORPORATION, a Corporation, BRIDGESTONE AMERICAS HOLDING, INC., a Corporation, and BFS DIVERSIFIED PRODUCTS, LLC, a Limited Liability Company, |
| County of Residence: Cook County | County of Residence: |
| Plaintiff's Atty: D. Jeffrey Comeau<br>Anesi, Ozmon, Rodin, Novak & Kohen, Ltd.<br>161 N. Clark Street, 21st Floor,<br>Chicago, Illinois 60601<br>(312) 886-9225 | Defendant's Atty: Michael J. Kanute<br>Holland & Knight LLC<br>131 S. Dearborn Street, 30th Floor, Chicago, Illinois 60603<br>(312) 263-3600 |

II. Basis of Jurisdiction: **4. Diversity (complete item III)**

III. Citizenship of Principal
Parties **(Diversity Cases Only)**
   Plaintiff: **- 1 Citizen of This State**
  Defendant: **- 6 Foreign State**

IV. Origin :   **2. Removed From State Court**

V. Nature of Suit:   **365 Personal Injury - Product Liability**

VI. Cause of Action:   **Plaintiff alleges personal injury arising out of occurrence involving an allegedly defective tire.**

VII. Requested in Complaint
  Class Action: **No**
  Dollar Demand:
  Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _[signature]_

Date: 5/20/03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 21 2003

JUDGE ZAGEL

In the Matter of
MARK TIEMAN,
    Plaintiff,

v.

BRIDGESTONE/FIRESTONE, INC., a Corporation, BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company, BRIDGESTONE) FIRESTONE MANUFACTURING OPERATIONS DIVISION, a Division of BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, a Limited Liability Company, BRIDGESTONE CORPORATION, a Corporation, BRIDGESTONE AMERICAS HOLDING, INC., a Corporation, andBFS DIVERSIFIED PRODUCTS, LLC,)
a Limited Liability Company,
    Defendants.

MAGISTRATE JUDGE LEVIN

Case Number:

**03C 3364**

Removed from the Circuit Court
of Cook County, Illinois,
County Department,
Law Division

FILED-EDS MAY 20 PM 4:04
CLERK U.S. DISTRICT COURT

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Defendants, Bridgestone Firestone North American Tire, LLC (successor to Bridgestone/Firestone, Inc.), BFS Diversified Products, LLC and Bridgestone Americas Holding, Inc.

| (A) | (B) |
|---|---|
| SIGNATURE *Michael J. Kanute* | SIGNATURE *Julie A. LaBunski* |
| NAME Michael J. Kanute | NAME Julie A. LaBunski |
| FIRM Holland & Knight LLC | FIRM Holland & Knight LLC |
| STREET ADDRESS 131 S. Dearborn Street, 30th Floor | STREET ADDRESS 131 S. Dearborn Street, 30th Floor |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP Chicago, Illinois 60603 |
| TELEPHONE NUMBER 312-263-3600   FAX NUMBER 312-578-6666 | TELEPHONE NUMBER 312-263-   FAX NUMBER 312-578-6666 |
| E-MAIL ADDRESS michael.kanute@hklaw.com | E-MAIL ADDRESS julie.labunski.hklaw.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6204525 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6243315 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |

| STREET ADDRESS | | | | STREET ADDRESS | | | |
|---|---|---|---|---|---|---|---|
| CITY/STATE/ZIP | | | | CITY/STATE/ZIP | | | |
| TELEPHONE NUMBER | FAX NUMBER | | | TELEPHONE NUMBER | FAX NUMBER | | |
| E-MAIL ADDRESS | | | | E-MAIL ADDRESS | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | |
| MEMBER OF TRIAL BAR? | YES ☐ | | NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ | | NO ☐ |
| TRIAL ATTORNEY? | YES ☐ | | NO ☐ | TRIAL ATTORNEY? | YES ☐ | | NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | | NO ☐ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | | NO ☐ |

## CERTIFICATE OF SERVICE

      Julie A. LaBunski, an attorney for Defendants, hereby certifies that she caused a copy of the attached **DEFENDANTS' APPEARANCE** to be served on:

D. Jeffrey Comeau
Anesi, Ozmon, Rodin, Novak
& Kohen, Ltd.
161 N. Clark Street
21st Floor
Chicago, Illinois 60601

by U.S. Mail, postage pre-paid, from 131 South Dearborn, Chicago, Illinois, 60603, before the last pick-up at this address on this 20th day of May, 2003.

                                                      _____
                                                           Julie A. LaBunski

CHI1 #216170 v1